UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CELESTE YULIANI BETANCOURT IZAGUIRRE,

        Petitioner,

   v.

JOSEPH FREDEN, in his official capacity as Deputy Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement; TAMMY MARICH, In her official capacity as Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement; TODD LYONS, In his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; and KRISTI NOEM, In her official capacity as Secretary of Homeland Security,

        Respondents.

**ORDER**

6:25-CV-6672-EAW

---

      Petitioner Celeste Yuliani Betancourt Izaguirre ("Petitioner") is a civil immigration detainee alleging that that she is being detained in United States Immigration and Customs Enforcement custody pending removal proceedings in violation of the United States Constitution and seeks relief under 28 U.S.C. § 2241. (Dkt. 1). Petitioner was held in Immigration and Customs Enforcement custody in the Western District of New York at the time her petition was filed. (*Id.*).

On November 20, 2025, this Court issued an order directing that Petitioner was entitled to receive a bond hearing at which the government bears the burden to demonstrate, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk and at which the immigration judge ("IJ") must consider non-bond alternatives to detention or, if setting a bond, Petitioner's ability to pay. (Dkt. 7). On November 26, 2025, Petitioner advised the Court that a bond hearing was held and bond denied by the IJ in a manner that Petitioner contended did not comply with this Court's order. (Dkt. 8). The Court construed Petitioner's letter as a motion to enforce and directed Respondents to provide the transcript of the hearing before the IJ with their response to the motion to enforce. (Dkt. 9). Respondents filed the transcript with their response on December 5, 2025. (Dkt. 10).

Upon review of the transcript, the Court concluded that significant questions were raised as to whether the Immigration Judge complied with this Court's November 20, 2025 order regarding the burden of proof and requirement to consider alternatives to detention. The Court also directed Respondents to transfer Petitioner back to this District pending a resolution of the petition and motion to enforce. (Dkt. 11). Petitioner was returned to the Western District of New York on December 10, 2025. (Dkt. 16). Oral argument on the motion to enforce was held on December 11, 2025.

Having considered all of the information before the Court and the argument of the parties, the Court disagrees with Respondents' position (Dkt. 10 at 4-7) that Petitioner must first exhaust her administrative remedies before pursuing this motion to enforce. Among other reasons, exhaustion would be futile under these circumstances. *See Quituizaca v.*

*Bondi*, No. 6:25-CV-6527-EAW, 2025 WL 3264440, at *1 n.1 (W.D.N.Y. Nov. 24, 2025). In addition, for reasons this Court has previously articulated, *see Blandon v. Barr*, 434 F. Supp. 3d 30, 35-37 (W.D.N.Y. 2020), it disagree with Respondents' position that it lacks jurisdiction under 8 U.S.C. § 1226(e).

On the merits, the Court concludes that the motion to enforce should be granted and Petitioner released pursuant to the terms set forth herein. As discussed in more detail during the oral argument of this matter, the IJ—whether intentionally or not—plainly did not follow the Court's directions to require Respondents to bear the clear and convincing evidence burden of proof at the bond hearing, nor did she consider alternatives to detention. As a result, Petitioner's due process rights compel that she be released from custody.

Accordingly, it is hereby

ORDERED that Respondents' Immigration Court is ordered to issue a bond setting Petitioner's release upon payment of bond in the amount of $2,500. Petitioner is required to appear as directed at any immigration court proceedings. Respondents shall not impose any additional conditions, including but not limited to the installation of an ankle monitor, absent further order of the Court.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   December 11, 2025
         Rochester, New York